## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAURA A. KRAYNAK,<br><br>                Plaintiff,<br><br>     vs.<br><br>NEW BETTER BUSINESS BUREAU, INC., a Nebraska Non-Profit Corporation; and JENNIFER L. MAXWELL, an individual;<br><br>                Defendants. | **8:19CV122**<br><br>**AMENDED FINAL<br>PROGRESSION ORDER** |

THIS MATTER is before the Court on the parties' Joint Motion to Amend the Progression Order. (Filing No. 52.) The Motion is granted. Accordingly,

IT IS ORDERED that the provisions of the Court's earlier final progression order remain in effect, and in addition to those provisions, the following shall apply:

1) The pretrial conference and trial of this case are canceled and will not be reset at this time. The telephonic conference presently scheduled for April 14, 2020 is canceled. A telephonic conference **to discuss the status of case progression, the parties' interest in settlement and trial and pretrial conference settings** will be held with the undersigned magistrate judge on **May 13, 2020** at **10:00 a.m.** Counsel shall use the conferencing instructions assigned this case to participate in the conference. (Filing No. 24.)

2) The deadline for serving initial mandatory disclosures under Rule 26(a)(1) is **August 26, 2019**.

3) The deadlines for moving to amend pleadings or add parties are:

        For the plaintiff(s):              **October 1, 2019**
        For the defendant(s):           **October 1, 2019**

4) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **February 3, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **April 30, 2020**.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

5) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |  |
|---|---|---|
|  | For the plaintiff(s): | **January 15, 2020** |
|  | For the defendant(s): | **February 14, 2020** |

6) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#))), are:

|  |  |  |
|---|---|---|
|  | For the plaintiff(s): | **January 15, 2020** |
|  | For the defendant(s): | **February 14, 2020** |
|  | Plaintiff(s)' rebuttal: | **March 15, 2020** |

7) The deposition deadline is **June 1, 2020**.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

   b. Depositions will be limited by Rule 30(d)(1).

8) The deadline for filing motions to dismiss and motions for summary judgment is **June 30, 2020**.

9) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **June 16, 2020**.

10) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 5th day of March, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.